AMERICAN BONDING COMPANY OF BALTIMORE *et al.* v. JONES, ordinary, *et al.*

BECK, J. The issues made by the pleadings and the evidence in the case being considered, it is apparent that the city court did not have adequate jurisdiction to dispose of all the issues involved, but only a court exercising equity jurisdiction can adequately dispose of the various contentions of the parties. It was, therefore, error for the court at the interlocutory hearing to refuse to enjoin the suit in the city court, so that the cause can be determined in the superior court under the equitable petition and the answer thereto.

*Judgment reversed. All the Justices concur.*
DECEMBER 17, 1915.

Petition for injunction. Before Judge Thomas. Thomas superior court. February 20, 1915.

The American Bonding Company of Baltimore and the Fidelity & Deposit Company of Maryland brought their petition in the superior court of Thomas county against W. M. Jones, ordinary of that county, John A. Hughes, individually and as administrator de bonis non of the estate of Robert Martin, deceased, and Mrs. Sallie Martin Braswell, Mrs. Mary Johnson, Mrs. Irene Hughes, Mrs. Della Wright, Henry B. Martin, Robert Martin, and Titus Martin (a minor represented by a guardian), to enjoin the prosecution of a suit by the ordinary, for the use of said John A. Hughes as administrator de bonis non of the estate of Robert Martin, against the plaintiff companies as sureties on the bond of Mrs. M. E. Martin as administratrix of the estate of Robert Martin, alleging in substance as follows: Mrs. M. E. Martin (now deceased) was duly appointed administratrix of the estate of Robert Martin, and

as such gave bond, with the American Bonding Company of Balti-
more (which company has been merged into the other plaintiff) as
surety. The ordinary, for the benefit of Hughes, administrator,
etc., is prosecuting in the city court of Thomasville, against the
plaintiffs as sureties on the bond, a suit for damages from alleged
misconduct on the part of their principal, as a result of which the
estate of which she was administratrix suffered loss. John A.
Hughes was duly appointed administrator of the estate of said Mrs.
M. E. Martin, and while acting as such, and after being appointed
administrator de bonis non of Robert Martin, he sold property be-
longing to the estate of Mrs. M. E. Martin for the aggregate sum
of $2200, and, after paying certain claims and expenses of the ad-
ministration, distributed the balance, which is a sum greater than
that now sued for in the city court, to her "children and heirs,"
the other defendants named in this petition. The children and
heirs of both Robert Martin and Mrs. Martin are the same, and for
their benefit the suit in the city court is really proceeding. Hughes,
in his petition to the court of ordinary for discharge from the ad-
ministration of the estate of Mrs. Martin, stated that he had fully
discharged all of the duties of such administrator, had paid all of the
debts of his intestate, and had turned over the residue in his hands
to the lawful heirs thereof. The petition was passed and approved
by the ordinary, and the administrator was discharged. Prior to his
petition for discharge, a similar suit to that now pending in the
city court, except that it was for a different amount, was brought
by the ordinary for the use of Hughes as administrator de bonis
non of the estate of Robert Martin; and the same was dismissed.
The statement by Hughes in his petition for discharge, as above
set out, was a solemn admission in judicio that he had paid all
of the debts of the estate of Mrs. Martin. These facts were calcu-
lated to mislead and deceive the plaintiffs into believing that the
claim against them upon which the present suit in the city court is
based had been abandoned; so that they were thereby prevented from
objecting to the discharge of Hughes from the administration. In
so doing he perpetrated a fraud upon plaintiffs, and is estopped
from prosecuting the present suit pending in the city court. Said
statement in his petition for discharge "was a fraud upon the ordi-
nary presiding in said court, which rendered the discharge ob-
tained thereby void; and the same should be set aside as absolutely

void. . . As administrator de bonis non the said Hughes had knowledge of the claim in favor of the said estate against the estate of Mrs. M. E. Martin, . . and failed to present said claim to the administrator of the estate of the said Mrs. M. E. Martin until after the same had been distributed to the heirs; whereas if he had presented said claim in proper time it could easily have been collected out of funds which were in hand belonging to the estate of Mrs. Martin, and upon which said claim of the estate of Robert Martin was a first lien of the highest dignity as a trust debt; and that by failure of the said Hughes as administrator de bonis non of the estate of Robert Martin to present and collect said claim from the principal, the surety on her bond was released and discharged from any and all further liability." If the claim now sued for had been collected from the estate of Mrs. Martin, all distributees of her estate would have received, as heirs thereof, "as much less than they did receive as the amount of this claim, and that they, having received said funds as above set out, as heirs, should not, in equity and good conscience, be allowed to have said suit proceed in their name, or have or recover money sued for, as this would enable them to recover and receive twice that which they could be entitled to receive but once; that the said distributees of the estate of Mrs. Martin, having received and receipted for the funds of the estate of Mrs. M. E. Martin as her heirs, and since there could be nothing to go to the heirs until after all of the debts of the estate were paid, are estopped by their act from making any claim as creditors, and any person making the claim for them and in their behalf is likewise estopped." Should the plaintiffs be held liable to pay the amount sued for in the city court, or any part thereof, "then plaintiffs are creditors of the estate of the said Mrs. M. E. Martin and their claim of the highest dignity, their claim being a trust fund; and since her estate seems, by the records in the court of ordinary, to have been fully administered, and the distributees thereof being the same persons for whose benefit said suit in the city court of Thomasville is proceeding, these heirs and distributees are, in law and equity, bound to refund and repay to these plaintiffs the amounts received by them respectively under the distribution of the estate of the said Mrs. M. E. Martin, which sum aggregates more than the amount of the present claim." The defenses to the suit in the city court as above set out are of such nature

"that they can not be set up and established in said city court, it being without equitable jurisdiction, and that plaintiffs are without remedy at law, and except for the intervention of a court of equity will sustain irreparable loss and damage, . . and that the intervention of a court of equity is necessary to avoid a multiplicity of suits." Waiving discovery, they pray, that Jones, ordinary, and Hughes, administrator, etc., "be ordered and required to dismiss said suit in the city court of Thomasville," and be perpetually enjoined from prosecuting said claim in that court and in any other court; that the order of the court of ordinary discharging Hughes from the administration of the estate of Mrs. M. E. Martin be vacated and set aside; and for general relief and process. Attached to the petition as exhibits were copies of the bond; of the petition filed in the city court which was dismissed, and of the petition in the suit now pending therein.

The defendants demurred generally and specially, and answered as follows: The defendants who are heirs of Robert Martin deny that they received anything as distributees from his estate. The allegations in the petition for the discharge of Hughes as administrator of their mother were true, and he was rightfully discharged. The plaintiffs and their attorneys "were fully aware of the fact that said petition for discharge was pending," and they made no objection thereto. Said discharge was granted after the dismissal of the first suit in the city court against the plaintiffs, but that dismissal was the result of the court's sustaining a demurrer filed by the plaintiffs; and the suit was regularly reinstated therein. Defendants deny that they or either of them "ever did or said anything to mislead said plaintiffs or in any manner whatsoever led them to believe that the suit in the city court of Thomasville would not be renewed;" and deny that they were estopped from instituting the pending suit in the city court; and deny that their actions were in any wise a fraud upon the court of ordinary in obtaining Hughes' discharge as administrator. They deny that the plaintiffs are creditors of the estate of Mrs. M. E. Martin, but aver that they are guilty of laches on account of having failed, as sureties on her bond, to establish any right or claim that they may have had against her or her estate by reason of misconduct as administratrix of Robert Martin. The property alleged to have been sold by Hughes, as administrator of the estate of Mrs. M. E. Martin, for

the sum of $2200, from the proceeds of which sale plaintiffs claim to have a right to reimbursement for any liability that may be adjudicated against them and that they may be required to pay on account of misconduct on the part of their principal as administratrix· of the estate of Robert Martin, was property set apart to Mrs. M. E. Martin and three of the respondents, as the widow and minor children of Robert Martin, as a year's support for them, and "said lands so set apart were held by said widow and said minor children as twelve months support at the time of her death."

At the interlocutory hearing the plaintiffs introduced in evidence certified copies of the annual and final returns of John A. Hughes as administrator of the estate of Mrs. M. E. Martin, which showed distribution of her estate among her heirs, who were the same as the heirs of Robert Martin. Defendants introduced in evidence certified copies of the proceedings wherein Mrs. Martin applied for and obtained a year's support for herself and three minor children out of the estate of Robert Martin, showing that the property so set apart was the $2200 tract of land described in the petition. They also introduced the petition of John A. Hughes, as administrator of the estate of Mrs. Martin, for leave to sell the said land "for the purpose of distribution and paying the debts of the estate," the order for citation, and the order allowing the sale of the land. ·Also, an affidavit of John A. Hughes, that he was administrator de bonis non of the estate of Robert Martin and likewise administrator of the estate of Mrs. M. E. Martin, that the land sold by him as administrator of Mrs. Martin was land that had been set apart out of the estate of Robert Martin as a year's support to Mrs. Martin and her three minor children, naming them, and that "other than these lands he never received as administrator of either of said estates any other property, real or personal." The sworn petition and answer were introduced in evidence. The court passed an order denying the injunction, and the plaintiffs excepted..

*J. H. Merrill,* for plaintiffs.

*Titus, Dekle & Hopkins,* for defendants.